UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. BRUMBAUGH-SANDOVAL,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | 1:15-cv-00585---GSA<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(ECF No. 1) |

**I.   INTRODUCTION**

Plaintiff Michelle Brumbaugh-Sandoval ("Plaintiff") filed a Social Security complaint (the "Complaint") on April 16, 2015. (ECF No. 1.) Plaintiff appears to be challenging a denial of her Social Security benefits in the Complaint. As discussed below, however, the Complaint must be dismissed because it fails to state a claim. Plaintiff is granted leave to correct the mistakes discussed below and file an amended complaint.

**II.  DISCUSSION**

    **a.   Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or

1

1  malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If
2  the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id.* Leave to
3  amend may be granted to the extent that the deficiencies of the Complaint can be cured by
4  amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

5    A complaint must contain "a short and plain statement of the claim showing that the
6  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
7  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
8  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
9  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set
10 forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"
11 *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations
12 are accepted as true, legal conclusion are not. *Id*. at 678.

13    To determine whether a complaint states an actionable claim, the Court must accept the
14 allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738,
15 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick
16 v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor.
17 *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to
18 less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338,
19 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after
20 *Iqbal*).

21    **b.    Plaintiff's Allegations**

22    Plaintiff's Complaint asks the Court to "overturn the decision of the Administrative Law
23 Judge and award the appropriate disability benefits." (ECF No. 1.) It does not explain whether
24 Plaintiff participated in a hearing, when the administrative law judge issued his or her decision, or
25 whether (and when) that decision was appealed to the Appeals Council of the Social Security
26 Administration. The Complaint proceeds to describe particular deficiencies in the administrative
27 law judge's decision, including: (1) a failure to consider the records of a particular physician; and
28 (2) a failure to fully consider Plaintiff's functional limitations.

### c. Analysis of Plaintiff's Allegations

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must first set forth a "short and plain statement of the grounds for the court's jurisdiction." Under 42 U.S.C. § 405(g), a plaintiff appealing a final decision of a denial of Social Security benefits can only come within the jurisdiction of this Court if: (1) the appeal is filed within sixty days after she is mailed the notice of the final decision of the Commissioner of Social Security; and (2) she resides in the district in which the action is filed.

A "final decision" under 42 U.S.C. § 405(g) is reached only after a Plaintiff has exhausted her administrative remedies. Once a denial of benefits is received, a claimant must file for reconsideration of that decision with the Social Security Administration. 20 C.F.R. § 904.909. If the Administration issues an adverse decision, an individual may request that an administrative law judge ("ALJ") hold a hearing. 20 C.F.R. § 404.929. If the ALJ then issues an adverse decision, an appeal may be filed with the Social Security Appeals Council. Any appeal to the Appeals Council must be filed within sixty days of the ALJ's decision. 20 C.F.R. § 404.968. Once the Appeals Council issues its decision, a Claimant can file a complaint in the United States District Court. This complaint must be filed within sixty days of the Appeals Council's order. 42 U.S.C. § 405(g).

It is not clear from the face of the Complaint that the conditions specified by 42 U.S.C. § 405(g) have been met. Although the Complaint states that an unfavorable decision was rendered, it is unclear when that decision was issued or whether the requisite appeals process (as laid out above) has been followed. Plaintiff should clearly indicate the dates that any appeals were filed, as well as the dates and results of those appeals, in any amended complaint.

Plaintiff should also note that this Court can only review a final decision by the Social Security Administration to determine whether: (1) it is supported by substantial evidence; and (2) it applied the correct legal standards. *Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008). In other words, the Court will not rehear the entirety of Plaintiff's case or examine records that were not considered by the ALJ.

///

### III.     LEAVE TO AMEND

The Court will provide Plaintiff an opportunity to amend the Complaint to fix the issues identified above. If Plaintiff chooses to file a First Amended Complaint, it must bear the docket number assigned in this case and be labeled "First Amended Complaint." As a general rule, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). In other words, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

### IV.     ORDER

For the reasons set forth above, Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff is instructed to consider the standards set forth in this Order and should only file an amended complaint if she believes her claims are cognizable. Any amended complaint shall be filed no later than **June 1, 2015**. Failure to file an amended complaint by the date specified will result in dismissal of this action.

IT IS SO ORDERED.

   Dated:   **May 1, 2015**                              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE